```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
                                         :
JACOBS VEHICLE SYSTEMS, INC.,            :
ET AL.,                                  :
                                         :
     Plaintiff and                       :
     Counterclaim Defendants,            :
                                         :
V.                                       :   CASE NO. 3:93-CV-1093 (RNC)
                                         :
                                         :
PACIFIC DIESEL BRAKE CO.,                :
ET AL.,                                  :
                                         :
     Defendants and                      :
     Counterclaim Plaintiffs.            :
```

RULING AND ORDER

Defendants have moved for reconsideration of the ruling granting in part plaintiffs' partial motion for summary judgment on defendants' counterclaims [Doc. #287]. For the following reasons, the motion for reconsideration is granted. On reconsideration, the court adheres to its previous ruling.

The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Lopez v. Smiley, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005) (quoting Horsehead Res. Dev. Co. v. B.U.S. Envtl. Servs., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996)). Likewise, a motion for reconsideration is not an opportunity to

1

relitigate issues already decided.  Id. at 22.  A motion for reconsideration should be granted only if the moving party "point[s] to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader, 70 F.3d at 257.

Defendants seek reconsideration of the ruling that Danaher Corp. ("Danaher") did not engage in contributory infringement or active inducement.  See 35 U.S.C. § 271(b)-(c).  With respect to contributory infringement, they offer a new argument, not made in opposition to summary judgment, that the Mitsubishi products are sold FOB Bloomfield, Connecticut, and are therefore sold in the United States.  As noted above, a party may not use a motion for reconsideration "to plug gaps in an original argument."  Lopez, 375 F. Supp. 2d at 21-22.  Even were this new argument sufficient to warrant reconsideration, moreover, the court would adhere to its previous ruling.  The record does not show that Danaher itself sold or offered to sell any components of a patented invention, as required by 35 U.S.C. § 271(c).

With regard to the active inducement claim, defendants contend that, under Fuji Photo Film Co. v. Jazz Photo Corp., 394 F.3d 1368 (Fed. Cir. 2005), Danaher's participation in licensing negotiations suffices as an affirmative act to support liability. In the Fuji case, the Federal Circuit held that seeking a license

2

from the patent holder constitutes circumstantial evidence of intent to induce infringement.  <u>See</u> <u>id.</u> at 1378.  Whether the defendant in that case induced infringement by an affirmative act was not before the Federal Circuit, although the court noted that the CEO of the company infringing the plaintiff's product had "caused" infringement by directing the company's business model and "selecting the foreign refurbisher supply factories."  <u>Id.</u>  Defendant has identified no such affirmative acts in this case, as outlined in the court's ruling.

For the foregoing reasons, the motion for reconsideration [Doc. #289] is hereby granted and the court adheres to its previous ruling.

So ordered.

Dated at Hartford, Connecticut this 24th day of August 2006.

_____/s/_____
Robert N. Chatigny
United States District Judge